UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X     Docket No.:
CHRISTINA GAVIN,

                                        Plaintiff,                  **COMPLAINT**

        -against-

                                                            **PLAINTIFF DEMANDS**
THE CITY OF NEW YORK,                        **A TRIAL BY JURY**
POLICE SERGEANT MATTHEW TOCCO (TAX ID 940805),
AND INSPECTOR GERARD DOWLING (TAX 915640),

                                      Defendants.
--------------------------------------------------------------------------------X

       Plaintiff, CHRISTINA GAVIN, by her attorney, Elena L. Cohen of Cohen & Green PLLC, hereby complains of the defendants, upon information and belief, as follows:

## PARTIES, VENUE AND JURISDICTION

1. At all times mentioned herein, plaintiff, Christina Gavin, was an adult resident of Bronx County, in the State of New York.

2. At all relevant times mentioned herein, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all times hereinafter mentioned, defendant, POLICE SERGEANT MATTHEW TOCCO (TAX ID 940805), was an adult man employed by the City of New York as a member of the NYPD assigned to the Disorder Control Unit of the NYPD. Defendant Tocco is sued herein in his official and individual capacities.

1

4.  At all times hereinafter mentioned, defendant, POLICE INSPECTOR GERALD DOWLING (TAX ID 915640), was an adult man employed by the City of New York as a member of the NYPD assigned to the Strategic Response Group of the NYPD. Defendant Dowling is sued herein in his official and individual capacities.

5.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.  Venue is proper pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7.  Plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8.  At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9.  This action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

10. On November 22, 2019, at about 6:00 p.m. plaintiff was lawfully present at a protest at or around 158 West 125th Street, in the County, City and State of New York.

11. Shortly after the protest began, members of the NYPD corralled protesters and forced them to go into the street.

12. Over a loudspeaker, upon information and belief, officers played a pre-made recording stating that the protest was illegal and instructing protesters to leave the street and get on the sidewalk.

2

13. Plaintiff immediately attempted to obey this instruction and leave the street.

14. However, for plaintiff, leaving the street and getting onto the sidewalk proved to be impossible as a practical matter. At the moment the instruction was given, plaintiff was situated between two large public buses blocking direct access to the sidewalk — the buses were travelling in opposite directions on 125th Street.

15. On the left-hand side, traffic past the bus was bumper to bumper and it was not reasonably possible to pass in that direction to the sidewalk (and the crowd was pressing in the opposite direction).

16. Just past the bus on plaintiff's right-hand side was a crowd of other protesters, bottlenecking onto the sidewalk. Thus, plaintiff kept walking along 125th Street, attempting to obey the direction to leave the street. Plaintiff walked past the bus and the crowd to her right in order to get to the sidewalk, passing a police van towards what appeared to be an open path to the sidewalk.

17. After going around the bus and the crowd, however, Plaintiff was confronted by one of the Defendants, believed to be Police Sergeant Matthew Tocco, who demanded, in sum and substance, "Where do you think you're going?," grabbing plaintiff's left arm.

18. Plaintiff responded, saying, "I'm trying to get to the sidewalk." The officer yelled, "shut the fuck up!," and another member of the NYPD, believed to be Inspector Gerard Dowling, immediately grabbed plaintiff's right arm.

19. Defendants Tocco and Dowling subsequently kicked plaintiff's feet out from under her, driving plaintiff to the ground, and causing plaintiff's body to hit the street and causing abrasions to her legs.

20. Once plaintiff was on the ground, the defendants placed her in handcuffs. At no point since hearing the instruction to get on the sidewalk would it have been possible for plaintiff to actually get onto the sidewalk. Nor had plaintiff violated any law prior to the defendants apprehending and arresting her.

21. The defendants lacked any probable cause for arresting plaintiff and indeed interfered with plaintiff's ability to obey the instruction to leave the street.

22. Plaintiff did not, at any point, resist arrest, nor did Plaintiff engage in any other activity which would have justified any use of force against her.

23. Plaintiff was not involved in any activity that would have justified her arrest, and there in fact existed no probable cause to justify plaintiff's arrest or detention.

24. Despite the absence of any probable cause to arrest plaintiff, the defendants assigned plaintiff's arrest to Police Officer Jonathan Calderon (Shield #8217) of the NYPD Strategic Response Group 4 Queens.

25. Police Officer Jonathan Calderon then placed plaintiff in the back of a police vehicle and transported plaintiff to One Police Plaza, where plaintiff was held for a number of hours before she was transported to New York County Central Booking where she was held in custody for an additional number of hours.

26. While at Central Booking and while at One Police Plaza, plaintiff engaged in conversation with Officer Calderon. During those conversions, Officer Calderon expressed confusion to plaintiff as to what plaintiff was going to be charged with — or why she was arrested at all.

27. Upon information and belief, Officer Calderon specifically stated that he "didn't see what happened" and "d[idn't] know what happened" that lead to her arrest. Further, Officer Calderon stated that Claimant could and should "just sue" the police department. He further

observed that "[w]hen I saw you, you were calm. I don't know that I would have put handcuffs on you" and he again confirmed he did not know why she was being arrested.

28. Plaintiff was arraigned on a criminal complaint containing false allegations provided by defendants Tocco and Dowling.

29. In support of the criminal complaint, defendants Tocco and Dowling made several false allegations, including but not limited to, alleging that plaintiff jumped on top of Inspector Dowling's back while defendants Tocco and Dowling were making a lawful arrest of another individual for blocking vehicle traffic and refusing to go onto the sidewalk.

30. These and other allegations were false and defendants Tocco and Dowling knew them to be false when they made them.

31. Defendant Tocco and Dowling forwarded these false allegations or caused the allegations to be forwarded to the New York County District Attorney's Office despite the false nature of the allegations.

32. At her arraignment, Plaintiff acceded to an adjournment in contemplation of dismissal and her charges were eventually dismissed.

33. At no time did defendants have probable cause to seize, detain or arrest the plaintiff, nor to use any force on plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

34. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

35. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
### (Section 1983 False Arrest Claim Against the Individual Defendants)

36. Plaintiff hereby realleges and incorporates all of the preceding paragraphs as though they were fully set forth herein.

37. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused her to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

38. Plaintiff had not been engaged in any criminal conduct, nor was she engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify her arrest.

39. Despite the absence of sufficient legal cause, plaintiff was arrested and jailed.

40. By so doing, the individual defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

41. By reason thereof, the individual defendants have violated 42 U.S.C §1983 and caused plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
### (Section 1983 Denial of a Fair Trial Claim Against the Individual Defendants)

42. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

43. The individual defendants willfully and intentionally fabricated evidence by falsely

memorializing claims to have witnessed plaintiff engaging in criminal or unlawful activity, and then forwarded these materially false claims to the New York County District Attorneys Office in order to justify the arrest of plaintiff, and to justify, bring about and cause plaintiff to be deprived of her liberty and to be criminally prosecuted.

44. By so doing, the individual defendants subjected the plaintiff to denial of a fair trial and violation of her right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

45. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION
### (Section 1983 Excessive Force Claim Against the Individual Defendants)

46. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

47. As a result of the foregoing, defendants subjected plaintiff to excessive force, in part, by causing her body to slam to the ground, and causing her to suffer injuries, with no legal basis, justification or excuse.

48. As a result of the defendants' conduct, the plaintiff was subjected to a level of force by the defendants in excess of what was reasonable under the circumstances.

49. As a result of the foregoing, plaintiff's liberty was restricted and she was put in fear for her physical safety without probable cause or any legal justification, and she was physically injured.

## FOURTH CAUSE OF ACTION
### (Section 1983 *Monell* Claim Against the Municipal Defendant)

50. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

51. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

52. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, excessive force, and fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

53. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

54. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, excessive force, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

55. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

56. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

57. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

58. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

59. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

60. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

**Fifth Cause of Action**
**(Civil Rights Violations Pursuant to New York State Law**
**Against the Individual and Municipal Defendants)**

61. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

62. Plaintiff was subjected to false arrest, excessive force, denial of due process and fair trial, through the defendants' use of unreasonable force, fabricated evidence and the making of false statements.

63. At no time did defendants have any legal basis for arresting plaintiff, subjecting her to prosecution, or commencing criminal process against her, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

64. The defendants are therefore liable under New York law to plaintiff for false arrest, excessive force, denial of due process and fair trial.

65. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of her constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the individual defendants and the City of New York as follows:

i.     actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii.    actual damages in an amount to be determined at trial against the City of New York;

10

iii.   statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.   such other relief as the Court deems just and proper.

Dated: New York, New York
       October 1, 2020

ELENA L. COHEN

By:   /s/
      _____
      Cohen & Green PLLC
      1639 Centre Street, Suite 216
      Ridgewood, NY 11385
      Tel.: 929-888-9480
      elena@femmelaw.com