

February 18, 2021

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

By Electronic Filing.

    Re:    <u>Gavin v. City of New York</u>, No. 20-cv-8163

Dear Judge Oetken:

    My firm represents Plaintiff Christina Gavin in the matter above. We write to move that the Court remove federal fair trial rights portion of Defendants' just-filed motion to dismiss from the calendar. The Second Circuit is poised to resolve a dispute on this issue among District Courts,[1] which amounts to "is there a 'favorable termination' element to a fair trial right claim following *McDonough v Smith* (139 S. Ct 2149 (2019)), and if so, what satisfies it?"[2] — and specifically whether accepting an "Adjournment in Contemplation of Dismissal"(or ACD, which fully terminates a prosecution and requires sealing of the arrest) cuts off the viability of fair trial claims for manufactured evidence. Those cases are *Daniel* (20-1331) and *Smalls* (20-1099).

    Plaintiff's fair trial claim is, essentially, that officers provided allegations and a false narrative — made up from whole cloth — to be used in a criminal complaint, knowing it would be forwarded to the district attorney. Defendants seek to dismiss Plaintiff's federal fair trial claim based on the side of the recent District Court split finding that accepting an ACD terminates the existence of federal fair trial claims — even if a prosecution is based on deliberately fabricated and falsified statements. We would oppose, citing the other side of the split.

    Here, though, there is nothing to be gained besides, in Defendants' words, "churn[ing] attorney's fees" (ECF No. 26, at 21 n. 20) by briefing the fair trial rights issue before the Second Circuit decides *Daniel* and *Small*. To be clear, we concede that, if the Second Circuit decides that an

---

[1] *Compare, e.g., Ross v City of NY,* 2019 US Dist LEXIS 169762, at *19-20 (EDNY Sep. 30, 2019) ("the Court finds, consistent the well-established rule in this Circuit, that an ACD does not preclude Plaintiff's fair trial claim") *and Wellner v City of NY*, 393 F Supp 3d 388, 396 (SDNY 2019) (*McDonough* does not add a favorable termination element to a fair trial claim), *with Corso v. Calle-Palomeque*, No. 17 Civ. 6096 (NRB), 2020 U.S. Dist. LEXIS 91882, at *15 (S.D.N.Y. May 26, 2020) (finding, post-*McDonough*, that a fair trial rights claim does not survive an ACD).

[2] *See, McDonough* at 2160 n. 10 (2019) ("Because McDonough's acquittal was unquestionably a favorable termination, we have no occasion to address the broader range of ways a criminal prosecution (as opposed to a conviction) might end favorably to the accused. To the extent Smith argues that the law in this area should take account of prosecutors' broad discretion over such matters as the terms on which pleas will be offered or whether charges will be dropped, those arguments more properly bear on the question whether a given resolution should be understood as favorable or not.") (cleaned up).



ACD cuts off a federal fair trial claim, Plaintiff will not have such a claim. Similarly, one hopes, if the Second Circuit finds that an ACD does *not* terminate a federal fair trial claim, Defendants will concede the allegations in the complete sufficiently state every other element. The interactions between the governing cases on this are complex, and briefing will require significant attorney work (not to mention writing and thinking on this issue by the Court). But that work is simply unnecessary. So, Defendants' concerns about "bloat[ing]" the work on this case (*see, e.g.,* ECF No. 26 at 21) *should* seem to counsel in favor of this step. Indeed, litigating this now may even lead to even *more* work down the road: for example, if the Court grants Defendants' motion, and the Second Circuit decides that an ACD does not terminate a claim, Plaintiff will need to move to reinstate the fair trial claims.

Most importantly, there is no prejudice to any party in delaying resolution of this issue. Trials are not taking place. And discovery in this case would not expand or contract based on the presence of the fair trial claim: every element of the claim is fully subsumed in the facts also supporting Plaintiff's false arrest, excessive force, and state law claims. In fact, those state claims include a state law "fair trial" claim, which Defendants seem to acknowledge would be inappropriate to dismiss purely on the pleadings. *See* ECF No. 26 at 1 n. 1. So, discovery with and without the federal fair trial claim will be identical. In other words, there is no upside to forcing the Court to spend its valuable time thinking through and writing on a complex issue that the Circuit will likely resolve long before discovery has even begun in earnest.

Thus, it seems best to simply take the fair trial portion of Defendants' motion off the calendar[3] until the Second Circuit acts. Judge Brodie recently took a similar step in *Reen v. City of New York*, 16-cv-3347 (albeit in a slightly different posture):

> **ORDER. The issue of whether favorable termination is now a required element of a fair trial claim in view of the Supreme Court's ruling in McDonough v. Smith, 139 S. Ct 2149 (2019), is currently pending before the Second Circuit. Because it is the only remaining issue in the motion in limine before the court and because there is no current trial date, the Court removes from the motion calendar the pending motion in limine. The parties are directed to notify the Court in writing when the Second Circuit decides the issue. Ordered by Judge Margo K. Brodie on 9/25/2020. (Valentin, Winnethka)**

We have attempted at length to resolve this issue with Defendants, but while they were open to avoiding the unnecessary work, they insisted on linking it to our making an unrelated concession: an agreement to bifurcate *Monell* and non-*Monell* discovery. Since, of course, we cannot agree to a substantive concession in exchange for a procedural convenience (and contrary to Defendants'

---

[3] The arguments on this point in Defendants' motion — ECF No. 26 at 6-8 — simply misconstrue the relief sought. Courts frequently remove motions to dismiss from their calendars (or, where pre-motion letters are required, decline to schedule them) for case management and efficiency reasons, without implicated either of the Rules Defendants cite. *Cf., for example, Gallagher v. N.Y. State Bd. of Elec.*, 20-cv-5504, ECF No. 129 ("State Defendants' request for a briefing schedule is DENIED. After resolution of Plaintiffs' motion, the Court will set a schedule for State Defendants' motion to dismiss, if necessary.")

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



suggestion, the resulting bifurcation would only increase attorneys' fees at the end of the case), we have been left needing to make this motion.

      We therefore ask that the Court remove the fair trial portion of Defendants' motion from the motion calendar, to be revisited (one hopes, by agreement) once the Second Circuit decides *Daniel* and *Smalls*. Should the Court have any questions, we are available it Your Honor's convenience for a conference. And this seems to be the sort of issue where, with the Court's help, we may be able to reach an agreement in a relatively short conference.

      Respectfully submitted,

      /s/
      _____
      J. Remy Green, Esq.
      *Honorific/Pronouns: Mx., they/their/them*
      **COHEN&GREEN P.L.L.C.**
      *Attorneys for Plaintiff*
      1639 Centre St., Suite 216
      Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com