

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**BRACHAH GOYKADOSH**
*Senior Counsel*
bgoykado@law.nyc.gov
Phone:  (212) 356-3523
Fax:  (212) 356-1148

February 19, 2021

**By ECF**
Honorable J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Christina Gavin v. City of New York, et al.*, 20 Civ. 8163 (JPO)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned the defense in the above-referenced matter.  In that capacity, I respectfully write to oppose plaintiff's letter, which requests that the Court "remove [the] federal trial rights portion of [d]efendants' just-filed motion to dismiss from the calendar."  ECF No. 27.  Plaintiff's request is not supported by law or logic; it should be denied.

      On January 27, 2021, plaintiff filed the First Amended Complaint, which included a claim for denial of right to fair trial.  ECF No. 22.  On February 17, 2021, defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of this claim and plaintiff's claim for municipal liability.  ECF No. 24. Yesterday, on February 18, 2021, plaintiff filed a letter motion, arguing that this case should be "removed" from the Court's motion calendar because there are two cases pending before the Circuit concerning fair trial claims, *Smalls*, 20-1099-cv and *Daniel*, 20-1331-cv.  ECF No. 27.

      The consensus in this Circuit—that a favorable termination is required for a fair trial claim—is strong.  There is no real "other side of the split," as plaintiff suggests.  Indeed, another federal district judge in the Southern District of New York has stated that most of the case law supports the defense's position.  As detailed in defendants' moving papers, in an order from less than two months ago, the Honorable Jesse M. Furman held that "the Court has now analyzed the issue and surveyed the case law in the Circuit. Consistent with the majority of decisions on the issue within the Circuit, and substantially for the reasons set forth in the persuasive opinions by [by other district court judges, including the opinion in *Daniel*], the Court concludes that [plaintiff's] ACD does indeed bar his fair trial claim."  *Nigro v. City of New York*, No. 19 Civ. 2369 (JMF), 2020 U.S. Dist. LEXIS 240758, at *10-11 (S.D.N.Y. Dec. 22, 2020).  As stated in defendants' motion, there is no reason to deviate from this consensus.  And plaintiff provides none.

Instead, in support of her requested approach, plaintiff cites to a single case, *Reen v. City of New York*, 16-cv-3347, which is pending before the Honorable Margo K. Brodie in the Eastern District of New York.[1] But *Reen* is of no moment. In fact, plaintiff admits that the posture in *Reen* is different. *Reen* is slated to go to trial on one issue: a fabrication of evidence claim.[2] Removing *Reen* from Judge Brodie's motion calendar until after the Second Circuit's decision therefore makes sense. As Judge Brodie's order recognizes, should the Second Circuit affirm the position of nearly every district judge in the Southern and Eastern Districts, there would be no need for a trial in *Reen* at all.[3] The logic in Judge Brodie's decision, which is tailored to *Reen*, does not apply to all other cases. Another district judge has recognized that. Counsel in at least one other case has attempted to exploit Judge Brodie's order in *Reen* and persuade a district judge in the Southern District of New York to essentially pause litigation because of the two cases pending before the Circuit. That request was denied. *See Maradiaga, et al. v. The City of New York, et al.*, 16 Civ. 8325 (GBD)(DCF), ECF Nos. 153, 154.[4] Therefore, because the posture in *Reen* is different, it has no persuasive effect here.

And though plaintiff suggests there is nothing to be gained from defendants' motion besides attorney's fees, that statement is incorrect. What defendants gain, should the Court grant their motion, is dismissal of a claim. The defense believes in its motion and the law that supports it. Defendants are entitled to move for dismissal of unmeritorious claims against the two individual officers—Inspector Dowling and Sergeant Tocco—as a matter of right. The prejudice is that defendants have a claim lodged against them that should be dismissed. Should this claim proceed to discovery, plaintiff's counsel will undoubtedly attempt to engage in provocative cross-examination style questioning at any deposition about what they appears to believe, using their own words, is "false narrative [ ] made up from whole cloth." ECF No. 27 at 1.[5] But as there simply is no merit this claim, this argument by plaintiff should be nipped in the bud. What the Court gains, should Your

---

[1] This does not constitute adequate briefing. The Court "has no obligation to consider an argument for which a party has cited no legal authority." *Glidepath Holding v. Spherion Corp.*, 590 F. Supp. 2d 435, 459 n. 9 (S.D.N.Y. 2007); *see also Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (noting that court's role is not to act as an advocate and it is not required to "scour the record" or otherwise "research . . . legal theor[ies]" on behalf of a litigant). As plaintiff does not cite any authority to support this untenable position, the Court can deny plaintiff's request on this basis alone.

[2] Importantly, the motion for summary judgment in *Reen* did not brief the applicability of *McDonough* because *McDonough* was decided after the briefing was complete. Stated differently, the applicability of *McDonough* could not be briefed by the parties or decided by Judge Brodie on summary judgment.

[3] The undersigned's colleague is counsel of record in *Reen*. After speaking with him, it is defense counsel's understanding that during a status conference in *Reen*, Judge Brodie stated on the record that she was particularly persuaded by Judge Eric N. Vitaliano's decision in *Miller v. Terrillion*, 16-cv-00052 (ENV), 436 F. Supp. 3d 598 (E.D.N.Y. Feb. 4 2020), which mirrors the position adopted by nearly all other district judges in the Southern and Eastern Districts of New York. So, prior to adopting the cautious approach concerning the pending Second Circuit cases, Judge Brodie supported the position advocated by defendants in this case.

[4] In *Maradiaga*, plaintiff requested a *sine die* extension of time to file a motion for reconsideration on the Court's order on summary judgment, wherein a fair trial claim was dismissed.

[5] This is also to say that discovery will not be "identical," as plaintiff states, with or without plaintiff's fair trial claim. ECF No. 27 at 2.

Honor grant defendants' motion, is a tidier, leaner case, which will be quicker and simpler to resolve on summary judgment. Dismissal of this claim now promotes economy and efficiency.[6]

Both of the cases that plaintiff references—*Smalls* and *Daniel*—are scheduled for oral argument on March 8, 2021 before the Second Circuit. Defendants' reply in support of their motion to dismiss is due on March 10, 2021. *See* ECF No. 24. But there is no way of knowing when the Second Circuit may issue its opinion or summary order on *Smalls* and *Daniels.* Any claim against defendants should not be subject to that uncertainty, particularly when plaintiff is entitled to amend the pleadings if justice so requires. *See* FED. R. CIV. P. 15(a)(2). Should the Circuit rule that a favorable termination is not required for a fair trial claim, defendants would consent to an amendment by plaintiff to re-instate this claim. The Court should decide defendants' motion, not remove it from the calendar.

Therefore, the Court should deny plaintiff's request. Plaintiff can simply oppose defendants' motion or withdraw her fair trial claim. Should the Second Circuit hold contrary to the consensus of judges in the Southern and Eastern District, plaintiff can re-plead her claim without any opposition by the defense.

Thank you for your consideration herein.

                                                             Respectfully submitted,

                                                             Brachah Goykadosh
                                                            *Senior Counsel*
                                                           Special Federal Litigation Division

---

[6] Defendants do not acknowledge, as plaintiff suggests, that any state law fair trial claim by plaintiff has any merit. Similarly, even if plaintiff's claim survives defendants' motion, plaintiff will not be able to withstand summary judgment; because on a Rule 12(b)(6) motion, the defense must accept plaintiff's facts as true and rely on the four corners of the Amended Complaint, defendants are limited in the arguments that they can raise at this juncture.