

August 25, 2021

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

By Electronic Filing.

  Re: Gavin v. City of New York, No. 20-cv-8163

Dear Judge Oetken:

  My firm represents Plaintiff Christina Gavin in the matter above. I write jointly with Law Department Senior Counsel Brachah Goykadosh (representing all Defendants) regarding the Court's recent decision on the motion to dismiss (ECF No. 36). We ask that the Court reinstate Plaintiff's fair trial claim and give Defendants 21 days from any order on this joint motion to answer.

  As plaintiff anticipated might happen (*see, e.g.,* ECF Nos. 27-30), the Second Circuit has addressed the questions raised in part II(A) of the Court's motion to dismiss decision. That decision, *Smalls v. Collins*, No. 20-1099-cv/20-1331-cv, 2021 U.S. App. LEXIS 24882 (2d Cir. Aug. 20, 2021), is attached to this letter. *Smalls* came down on Friday, August 20, and the parties had been discussing a joint submission when the Court's order hit the docket.

  Substantively, *Smalls* resolves the fair trial issue in Plaintiff's favor. After reviewing the applicable law, the Circuit found both that (1) *McDonough*'s favorable-termination requirement does not require a termination indicative of innocence (Slip. Op. at 34-45) and that an ACD is a favorable termination in the relevant sense (Slip. Op. at 49-56). So, the Court's analysis on this point is mooted by *Smalls*, and the parties agree Plaintiff's fair trial/fabrication of evidence claim should proceed as part of phase one discovery.[1]

  In terms of next steps, the parties agree that it makes sense for Defendants to count their days to answer from the Court's Order on this joint motion — and therefore ask that the Court extend the deadline to be 21 days from *that* Order.

  We both are happy to address any questions the Court may have, and thank the Court for its time and consideration.

---

[1] Defendants respectfully reserve their right to move for summary judgment on plaintiff's fair trial claim, on any good faith basis. For instance, there is a petition for certiorari pending before the Supreme Court, where the question presented is, in sum, if a plaintiff may pursue a fair trial claim when probable cause exists for their arrest. *See The City of New York, et al., v. Jarrett Frost*, No. 19-1163 (Jun. 21, 2021).



        Respectfully submitted,

        /s/
        _____
        J. Remy Green, Esq.
           *Honorific/Pronouns: Mx., they/their/them*
        **COHEN&GREEN P.L.L.C.**
        *Attorneys for Plaintiff*
        1639 Centre St., Suite 216
        Ridgewood, New York 11385

Enclosure.

cc:
All relevant parties by ECF.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com