UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| CHRISTINA GAVIN, | **ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS** |
| Plaintiff, | |
| -against- | No. 20 Civ. 8163 (JPO) |
| THE CITY OF NEW YORK, POLICE SERGEANT MATTHEW TOCCO (TAX ID 940805), AND INSPECTOR GERARD DOWLING (TAX 915640), | **JURY TRIAL DEMANDED** |
| Defendants. | |

------------------------------------------------------------------------x

Defendants City of New York, Inspector Gerard Dowling, and Sergeant Matthew Tocco, by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, as and for their Answer to the First Amended Complaint respectfully allege, upon information and belief, as follows:

1.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the First Amended Complaint.

2.   Deny the allegations set forth in paragraph "2" of the First Amended Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York and admit that the City maintains a police department; and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and New York City Police Department.

3.   Deny the allegations set forth in paragraph in paragraph "3" of the First Amended Complaint, except admit that defendant Sergeant Matthew Tocco was employed by the City of New York on November 22, 2019; insofar as it contains conclusions of law, no response is

required; insofar as it states the capacity in which plaintiff seeks to sue defendant Sergeant Matthew Tocco, no response is required.

4. Deny the allegations set forth in paragraph in paragraph "4" of the First Amended Complaint, except admit that defendant Inspector Gerard Dowling was employed by the City of New York on November 22, 2019; insofar as it contains conclusions of law, no response is required; insofar as it states the capacity in which plaintiff seeks to sue defendant Inspector Gerard Dowling, no response is required.

5. Deny the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that plaintiff purports to invoke jurisdiction and supplemental jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the First Amended Complaint, except admit that plaintiff purports to invoke the venue of the Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the First Amended Complaint, except admit that a Notice of Claim was filed on February 20, 2020.

8. Deny the allegations set forth in paragraph "8" of the First Amended Complaint, except admit that at least thirty days have passed since plaintiff's Notice of Claim was filed.

9. Deny the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that this action was commenced on October 1, 2020. *See* ECF No. 1.

10. Deny the allegations set forth in paragraph "10" of the First Amended Complaint.

11. Deny the allegations set forth in paragraph "11" of the First Amended Complaint.

12. Deny the allegations set forth in paragraph "12" of the First Amended Complaint, except admit a recording was played ordering the protesters to leave the roadway and utilize the

available sidewalk and warning protesters that if they remained in the roadway they would be placed under arrest.

13. Deny the allegations set forth in paragraph "13" of the First Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the First Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the First Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the First Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the First Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the First Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the First Amended Complaint, except admit that plaintiff was handcuffed.

21. Deny the allegations set forth in paragraph "21" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

22. Deny the allegations set forth in paragraph "22" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

23. Deny the allegations set forth in paragraph "23" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

24. Deny the allegations set forth in paragraph "24" of the First Amended Complaint insofar as it contains averments of fact, except admit that plaintiff's arrest was assigned to Police Officer Jonathan Calderon; insofar as it contains conclusions of law, no response is required.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the First Amended Complaint, except admit that plaintiff was transported to Central Booking.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the First Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the First Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the First Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the First Amended Complaint, except admit the Criminal Court Complaint states that Police Officer Calderon was informed by Sergeant Tocco that he observed plaintiff jump on Inspector Dowling's back while making a lawful arrest of another individual.

30. Deny the allegations set forth in paragraph "30" of the First Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

32. Deny the allegations set forth in paragraph "32" of the First Amended Complaint, except admit that plaintiff accepted an adjournment in contemplation of dismissal at her arraignment on November 23, 2019 and the charges against her were dismissed.

33. Deny the allegations set forth in paragraph "33" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

34. Deny the allegations set forth in paragraph "34" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

35. Deny the allegations set forth in paragraph "35" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

36. Deny the allegations set forth in paragraph "36" of the First Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the First Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

39. Deny the allegations as set forth in paragraph "39" of the First Amended Complaint and its subparts, insofar as it contains averments of fact; insofar as it references other cases, respectfully refer the Court to the cases referenced therein for a true and accurate recitation of their contents.

40. Deny the allegations as set forth in paragraph "40" of the First Amended Complaint, insofar as it contains averments of fact; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

41. Deny the allegations as set forth in paragraph "41" of the First Amended Complaint, insofar as it contains averments of fact; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

42. Deny the allegations set forth in paragraph "42" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

43. Deny the allegations as set forth in paragraph "43" of the First Amended Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

44. Deny the allegations as set forth in paragraph "44" of the First Amended Complaint, insofar as it contains averments of fact; insofar as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

45. Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46. Deny the allegations as set forth in paragraph "46" of the First Amended Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

47. Deny the allegations set forth in paragraph "47" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

48. Deny the allegations as set forth in paragraph "48" of the First Amended Complaint, insofar as it contains averments of fact; insofar as it references a deposition, respectfully refer the Court to the transcript from the deposition referenced therein for a true and accurate recitation of its contents.

49. Deny the allegations set forth in paragraph "49" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

50. In response to the allegations set forth in paragraph "50" the First Amended Complaint, defendants repeat and re-allege their responses set forth in the preceding paragraphs as though fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

52. Deny the allegations set forth in paragraph "52" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

53. Deny the allegations set forth in paragraph "53" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

54. Deny the allegations set forth in paragraph "54" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

55. Deny the allegations set forth in paragraph "55" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

56. In response to the allegations set forth in paragraph "56" the First Amended Complaint, defendants repeat and re-allege their responses set forth in the preceding paragraphs as though fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

58. Deny the allegations set forth in paragraph "58" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

59. Deny the allegations set forth in paragraph "59" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

60. In response to the allegations set forth in paragraph "60" the First Amended Complaint, defendants repeat and re-allege their responses set forth in the preceding paragraphs as though fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

62. Deny the allegations set forth in paragraph "62" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

63. Deny the allegations set forth in paragraph "63" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

64. In response to the allegations set forth in paragraph "64" the First Amended Complaint, defendants repeat and re-allege their responses set forth in the preceding paragraphs as though fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

66. Deny the allegations set forth in paragraph "66" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

67. Deny the allegations set forth in paragraph "67" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

68. Deny the allegations set forth in paragraph "68" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

69. Deny the allegations set forth in paragraph "69" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

70. Deny the allegations set forth in paragraph "70" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

71. Deny the allegations set forth in paragraph "71" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

72. Deny the allegations set forth in paragraph "72" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

73. Deny the allegations set forth in paragraph "73" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

74. Deny the allegations set forth in paragraph "74" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

75. In response to the allegations set forth in paragraph "75" the First Amended Complaint, defendants repeat and re-allege their responses set forth in the preceding paragraphs as though fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

77. Deny the allegations set forth in paragraph "77" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

78. Deny the allegations set forth in paragraph "78" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

79. Deny the allegations set forth in paragraph "79" of the First Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

80. The First Amended Complaint fails to state a claim upon which relief can be granted.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

81. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of defendants.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

82. Plaintiff provoked any incident.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

83. There was probable cause for plaintiff's arrest, detention, and prosecution.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

84. Plaintiff has failed to mitigate any alleged damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

85. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

86. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore are protected by qualified immunity

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

87. At all times relevant to the acts alleged in the First Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

88. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

89. Plaintiff may have failed to comply with the conditions precedent to this lawsuit.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

90. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et. seq*.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

91. Defendant Inspector Dowling had no personal involvement in the incident alleged in the First Amended Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

92. Punitive damages cannot be assessed against defendant City of New York.

Dated: New York, New York
September 9, 2021

**GEORGIA M. PESTANA**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3523

By: _____
Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation Division

cc: Elena L. Cohen, Esq.
Remy Green, Esq.
Jessica Massimi, Esq.
*Attorneys for Plaintiff*

No. 20 Civ. 8163 (JPO)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CHRISTINA GAVIN,<br><br>                                                                            Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE SERGEANT MATTHEW TOCCO (TAX ID 940805), AND INSPECTOR GERARD DOWLING (TAX 915640),<br><br>                                                                         Defendants. |
| **ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS** |
| **GEORGIA M. PESTANA**<br>CORPORATION COUNSEL OF THE CITY OF NEW YORK<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007<br><br>Of Counsel: Brachah Goykadosh<br>Tel:  (212) 356-3523 |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ............................................. , 2021*<br><br>*......................................................................... Esq.*<br><br>*Attorney for...............................................................* |